# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:08-cr-00254-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| BOBBY ARION DINKINS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines [Docs. 28, 30].

## I.   PROCEDURAL BACKGROUND

On March 30, 2009, the Defendant pled guilty pursuant to a written plea agreement to one count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Count One), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Three).  On April 28, 2010, the Defendant was sentenced to

a term of 240 months' imprisonment on Count One and 252 months' imprisonment on Count Three, to be served concurrently. [Doc. 24].

The Defendant did not file a direct appeal. Instead, over three years later, on September 19, 2013 and October 28, 2013, the Defendant filed the present identical motions. [Docs. 28, 30]. Because of the identical nature of these filings, the Court will refer to these filings simply as one motion.

## II. ANALYSIS

In his motion, the Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 599 of the United States Sentencing Guidelines. Amendment 599, however, became effective on November 1, 2000 -- nearly ten years before the Defendant was sentenced. As Amendment 599 was already in effect by the time that the Defendant was sentenced, his request for relief under § 3582(c)(2) must be denied. See United States v. Fareed, No. Crim. 04-499, 2006 WL 624895, at *2 (D.N.J. Mar. 9, 2006).

While styling the motion as one pursuant to 18 U.S.C. § 3582(c)(2), the Defendant also asserts claims for ineffective assistance of counsel; challenges the calculation of his criminal history points; and asserts a "placeholder" for a claim pursuant to Alleyne v. United States, 133 S.Ct.

2151 (2013). It therefore appears that the Defendant may intend to bring an action pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his conviction and sentence. The Court will thus provide the Defendant with notice, pursuant to <u>Castro v. United States</u>, 540 U.S. 375 (2003), that it intends to recharacterize this communication with the Court as an attempt to file a motion pursuant to 28 U.S.C. § 2255. The Defendant shall be provided an opportunity to advise the Court whether he agrees or disagrees with this recharacterization of the motion.

Before making this decision, the Defendant should consider that if the Court construes this motion as one brought pursuant to § 2255, it will be his first § 2255 petition, which will mean that before he can thereafter file a second or successive § 2255 petition, the Defendant must receive certification from the United States Court of Appeals for the Fourth Circuit. Moreover, in determining whether the Defendant agrees or disagrees with this recharacterization, he should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255. This one-year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;

2. the date on which the impediment to making a motion created by governmental action in violation

        of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Defendant may respond on or before 30 days from service of this Order. If the Defendant timely responds to this Order and does not agree to have the motion recharacterized as one under § 2255, he may withdraw his motion. If it is not withdrawn, and the Defendant does not agree to have the motion recharacterized as one under § 2255, the Court will construe his motion simply as a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). If the Defendant fails to respond to this Order or agrees to have the motion recharacterized as one pursuant to § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed.

If the Defendant agrees to have the motion considered as one pursuant to § 2255, the Court will provide a time within which an

amendment to the motion, to the extent permitted by law, may be filed. The Defendant will also be provided with notice pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), of the law related to equitable tolling.

**IT IS, THEREFORE, ORDERED** that the Defendant may comply with the provisions of this Order by written filing on or before thirty (30) days from service of this Order.

**IT IS SO ORDERED.**  Signed: December 4, 2013

Martin Reidinger
United States District Judge