# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:08-cr-00254-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> BOBBY ARION DINKINS, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines [Docs. 28, 30] and the Defendant's Response to the Court's Order of December 5, 2013 [Doc. 33].

I.  **PROCEDURAL BACKGROUND**

On March 30, 2009, the Defendant pled guilty pursuant to a written plea agreement to one count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Count One), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Three). On April 28, 2010, the Defendant was sentenced to

a term of 240 months' imprisonment on Count One and 252 months' imprisonment on Count Three, to be served concurrently. [Doc. 24].

The Defendant did not file a direct appeal. Instead, over three years later, on September 19, 2013 and October 28, 2013, the Defendant filed two identical motions pursuant to 18 U.S.C. § 3582(c)(2). [Docs. 28, 30].[1]

On December 5, 2013, the Court gave the Defendant notice pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intended to recharacterize the Defendant's filings as an attempt to file a motion pursuant to 28 U.S.C. § 2255. The Defendant was provided thirty (30) days to respond to the Court's Order. [Doc. 32].

The Defendant has filed a timely Response to the Court's Order. In his Response, the Defendant states that he does not wish to withdraw his § 3582(c)(2) motion and further does not agree to have such motion recharacterized as one pursuant to § 2255. [Doc. 33 at 2].

## II. ANALYSIS

In his motion, the Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 599 of the United States Sentencing Guidelines. Amendment 599, however, became

---

[1] Because of the identical nature of the Defendant's filings [see Docs. 28, 30], the Court will refer to these filings simply as one motion.

effective on November 1, 2000 -- nearly ten years before the Defendant was sentenced. As Amendment 599 was already in effect by the time that the Defendant was sentenced, his request for relief under § 3582(c)(2) must be denied. See United States v. Fareed, No. Crim. 04-499, 2006 WL 624895, at *2 (D.N.J. Mar. 9, 2006).

The Defendant also seeks relief pursuant to § 3582(c)(2) on several other grounds, including ineffective assistance of counsel, miscalculation of his criminal history points, and the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). The Court, however, cannot grant the Defendant relief under § 3582(c)(2) on these grounds. A sentence may be reduced under § 3582(c)(2) only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as a result of a retroactive amendment. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(1). Accordingly, the Defendant's claims simply are not cognizable under § 3582(c)(2).[2]

---

[2] The Court expresses no opinion as to whether such claims would be cognizable under 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines [Docs. 28, 30] is **DENIED.**

**IT IS SO ORDERED.**   Signed: January 17, 2014

Martin Reidinger
United States District Judge