# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:08-cr-00254-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| BOBBY ARION DINKINS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which was received by the Court on September 8, 2014 and which the Court construes as a motion for clarification [Doc. 37].

## I. PROCEDURAL BACKGROUND

On March 30, 2009, the Defendant pled guilty pursuant to a written plea agreement to one count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Count One), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Three). On April 28, 2010, the Defendant was sentenced to

a term of 240 months' imprisonment on Count One and 252 months' imprisonment on Count Three, to be served concurrently. [Doc. 24].

The Defendant did not file a direct appeal. Instead, over three years later, on September 19, 2013 and October 28, 2013, the Defendant filed two identical motions pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction of his sentence based on Amendment 599 of the United States Sentencing Guidelines, as well as seeking relief on several other grounds, including ineffective assistance of counsel, miscalculation of his criminal history points, and the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). [Docs. 28, 30]. On December 5, 2013, the Court gave the Defendant notice pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intended to recharacterize the Defendant's filings as an attempt to file a motion pursuant to 28 U.S.C. § 2255. The Defendant was provided thirty (30) days to respond to the Court's Order. [Doc. 32]. The Defendant filed a timely Response to the Court's Order, stating that he did not wish to withdraw his § 3582(c)(2) motion and further did not agree to have such motion recharacterized as one pursuant to § 2255. [Doc. 33 at 2]. On January 17, 2014, the Court denied the Defendant's motion. [Doc. 34].

The Defendant submitted the present letter on September 8, 2014. [Doc. 37].

II. ANALYSIS

In his letter, the Defendant seeks clarification of the calculation of his criminal history points in his Presentence Report. Specifically, he questions why he received seven points for his prior arrests for breaking and entering, larceny, two counts of uttering a forged instrument, and common law robbery, offenses which the Defendant maintains occurred on different days but were grouped for sentencing. [Doc. 37 at 1].

The Defendant has cited no basis upon which he could obtain relief for any error in the calculation of his criminal history points. The time for filing a direct appeal has long since passed, as has the time for filing a motion to vacate pursuant to 28 U.S.C. § 2255. Additionally, the Defendant pled guilty pursuant to a plea agreement in which he agreed to waive all rights to contest his conviction except for claims of ineffective assistance of counsel or prosecutorial misconduct. [See Doc. 12 at 5].

Even if the Defendant were not barred from seeking such relief, any claim based on the calculation of his criminal history points would be denied as meritless. A review of the Presentence Report indicates that the Defendant received a total of three points for his prior common law robbery

conviction in 94CRS85266. [Doc. 18 at 13]. No criminal history points were assessed for his convictions of breaking and entering, larceny, and uttering a forged instrument, as there was no intervening arrest and the sentence was imposed on the same day as the sentence in 94CRS85266. [See id. at 12]. The seven-point calculation to which the Defendant refers appears to be the criminal history calculation used at the time of his sentencing in his State court matter, 94CRS85266, not the present federal case. [See Doc. 37 at 4-5].

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for clarification [Doc. 37] is **DENIED.**

**IT IS SO ORDERED.**

Signed: September 17, 2014

Martin Reidinger
United States District Judge