# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## CIVIL CASE NO. 3:16-cv-00535-MR
## CRIMINAL CASE NO. 3:08-cr-00254-MR-1

| | |
|---|---|
| BOBBY ARION DINKINS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1], as supplemented [Doc. 9], and the Government's Motion to Dismiss [Doc. 10]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

I. **BACKGROUND**

The Petitioner was charged in a Bill of Indictment with committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three). [Criminal Case No.

3:08-cr-00254-MR ("CR"), Doc. 1: Indictment]. The Petitioner pled guilty to Counts One and Three pursuant to a written Plea Agreement. [CR Doc. 13: Plea Agreement].

Prior to sentencing, the probation officer prepared a presentence report, recommending a base offense level of 20, with an increase of six levels for the use of a firearm; an increase of two levels because the arresting officer sustained bodily injury; an increase of two levels because both victims were physically restrained; an increase of six levels because the Petitioner assaulted an officer during the immediate flight from the offense and attempted to shoot the officer; and an increase of two additional levels for obstruction of justice by providing materially false statements regarding his alleged accomplice, resulting in an adjusted offense level of 38. The probation officer further recommended finding that Petitioner was both a career offender and an armed career criminal based on his prior North Carolina state convictions for accessory before the fact of armed robbery, second-degree burglary, possession with intent to sell and deliver cocaine, and common law robbery, which also resulted in an adjusted offense level of 38. [Id. at ¶ 35]. After a reduction of three levels for acceptance of

responsibility, the probation officer recommended a total offense level of 35. [CR Doc. 18 at ¶¶ 20-37].[1]

At sentencing, this Court sustained the Petitioner's objection to application of the enhancement for obstruction of justice, but overruled his remaining objections and denied his request for a downward departure or variance. [CR Doc. 40 at 59, 69-70: Sent. Tr.]. Accordingly, the Court calculated the Petitioner's total offense level to be 33, which when combined with a criminal history category of VI, resulted in an advisory guidelines range of 235 to 293 months' imprisonment. [Id. at 59-60]. The Court sentenced the Petitioner to 240 months as to Count One and to 252 months as to Count Three, with the sentences to be served concurrently. [Id. at 69]. Judgment was entered in April 2010. [CR Doc. 24: Judgment].

The Petitioner did not appeal. In February 2015, Petitioner filed a petition under 28 U.S.C. § 2241 in the District of South Carolina arguing, inter alia, that he should not have been sentenced as an armed career criminal because his predicate offenses were invalid. [CR Doc. 41-5 at 8; Doc. 41-0 at 6 (relying in part on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc)]. He therefore sought to be resentenced without the armed

---

[1] Pursuant to U.S.S.G. § 3D1.2(c), Counts One and Three were grouped, with the highest offense level of the counts serving as the offense level for the group. In this case, the probation officer calculated a total offense level of 35 for each count.

3

career criminal enhancement. [CR Doc. 41-5 at 9]. Over the Petitioner's objection, his motion was re-characterized as a motion to vacate under 28 U.S.C. § 2255 and was transferred to this Court for consideration.

The Petitioner then amended and supplemented his motion in order to add as an exhibit a verdict sheet relating to his 1993 state drug conviction and to argue that he had been convicted only of "possessing cocaine." [Civil Case No. 3:15-cv-00179-MR, Doc. 26 at 1-2, 5]. He also amended his motion to add a claim arguing that in, light of Johnson v. United States, 135 S. Ct. 2551 (2015), he should not have been sentenced as an armed career criminal because his predicate offenses fell under the Armed Career Criminal Act's residual clause. [Id., Doc. 27]. This Court allowed the amendments. [Id., Doc. 28 at 1].

On August 5, 2015, this Court denied Petitioner's § 2255 motion. In so doing, the Court concluded that the Petitioner's motion was untimely, as it was filed more than four years after his conviction had become final. The Court went on to state that even if the motion could be considered timely, "it would be of no consequence, because petitioner fails to present a cognizable claim [for relief]." [Id., Doc. 28 at 7]. Specifically with regard to the Petitioner's challenges to his designation as both a career offender and an armed career criminal, the Court noted that these enhancements had

4

"played no role in the calculation of the Guideline Range or the fashioning of the ultimate sentence by the Court." [Id. at 10].

The Petitioner sought a certificate of appealability from the Fourth Circuit, arguing that under Simmons his sentence was improperly enhanced based on his 1993 state drug conviction and that the use of his predicate convictions to increase his sentence violated Johnson. [Informal Brief, United States v. Dinkins, No. 15-7340 (4th Cir. Sept. 21, 2015), Doc. 5 at 2]. The Fourth Circuit denied the Petitioner's request for a certificate of appealability and dismissed his appeal. United States v. Dinkins, No. 15-7340 (4th Cir. Nov. 24, 2015).

The Petitioner, proceeding *pro se*, filed a motion for authorization to file a successive § 2255 motion on June 16, 2016. The Fourth Circuit granted the Petitioner authorization to file his motion on July 6, 2016. In re Dinkins, No. 16-9652 (4th Cir. July 6, 2016). In this second motion to vacate, the Petitioner again argues that he was improperly sentenced as both a career offender and an armed career criminal. [Doc. 1 at 4-5, 12]. Thereafter, the Federal Defenders of Western North Carolina entered an appearance on Petitioner's behalf and moved to stay this proceeding pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). [Docs.

3, 4]. This Court granted the motion and stayed the case pending the Supreme Court's decision. [Doc. 5].

Following the decision in Beckles, Petitioner's counsel filed a supplemental memorandum arguing that the Petitioner no longer qualifies as an armed career criminal in light of Johnson. [Doc. 6]. On September 20, 2017, the Government filed the pending motion to dismiss, arguing that Petitioner's Johnson claim should be dismissed as an unauthorized successive claim or, alternatively, should be dismissed on the merits. [Doc. 10]. On November 3, 2017, Petitioner filed a response to the motion to dismiss [Doc. 13], and on November 13, 2017, the Government filed a reply. [Doc. 14]. This matter is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Congress has limited the circumstances in which prisoners can pursue post-conviction relief — particularly where a prisoner has previously applied for such relief. Specifically, a successive motion to vacate must be based on certain qualifying newly discovered evidence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Additionally, before filing a successive motion to vacate, a prisoner must obtain authorization from a circuit court. Id.

To obtain authorization to file a successive motion to vacate, a prisoner need only make a prima facie showing that his motion satisfies the requirements of 28 U.S.C. § 2244(b) — that is, "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" In re Williams, 330 F.3d 277, 281 (4th Cir. 2003) (quoting Bennett v. United States, 119 F.3d 468, 469-70 (7th Cir. 1997)). After the circuit court performs its gatekeeping function and authorizes a successive motion to vacate based on a prima facie showing that the motion qualifies, the district court considering the application is required to examine each claim independently to determine whether each claim meets the standards in § 2244(b). See In

re Hubbard, 825 F.3d 225, 229 n.1 (4th Cir. 2016) (recognizing that Section 2255 "incorporates by reference the factors listed in § 2244"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (holding that after authorization is granted by the circuit court, the district court "must examine each claim and dismiss those that are barred under § 2244(b) or § 2255 ¶ 8").

"A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4). In addition, a *previously raised* claim that is then presented in a second or successive application *"shall be dismissed."* 28 U.S.C. § 2244(b)(1) (emphasis added). Although § 2244(b)(1) refers specifically to applications under 28 U.S.C. § 2254, the Fourth Circuit has recognized that successive § 2255 motions also must meet the requirements in § 2244. See United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017); In re Hubbard, 825 F.3d at 229 n.1; accord In re Baptiste, 828 F.3d 1337 (11th Cir. 2016) (citing support from the Second, Sixth, and Seventh Circuits).

Here, because Petitioner argued in his prior § 2255 motion that he was improperly sentenced as an armed career criminal pursuant to Johnson — a

8

claim that this Court considered and rejected — he is barred from raising this issue again. See 28 U.S.C. § 2244(b)(1); Baptiste, 828 F.3d at 1339 (holding that § 2244(b)(1) requires dismissal of application raising the same Johnson claim that the petitioner had previously raised). Accordingly, Petitioner's ACCA claim under Johnson must be dismissed pursuant to § 2244(b)(1).

In response to the Government's motion to dismiss, Petitioner does not contest that his prior, unsuccessful motion raised the same Johnson claim that he is making in the present successive application. The Petitioner argues, however, that under its plain language, § 2244(b)(1) applies only to § 2254 motions, not § 2255 motions, and therefore the language in § 2244(b)(1) does not apply to the Petitioner.[2] Relying on a 2011 Fourth Circuit case, United States v. MacDonald, Petitioner contends that whether Section 2241(b)(1) applies in a Section 2255 proceeding is an open question in the Fourth Circuit. [Doc. 13 at 3 (citing United States v. MacDonald, 641 F.3d 596, 614 n.9 (4th Cir. 2011))]. The Petitioner also contends that following the plain text of § 2244(b)(1) is especially appropriate here because this Court's disposition of the Petitioner's prior § 2255 motion did not address the

---

[2]  Petitioner also argues that § 2244(b)(1) "does not bar the repeat presentation of requests for authorization to file a second-or-successive § 2255 motion." [Doc. 13 at 4]. It is true, of course, that a petitioner may file more than one application for authorization to file a successive § 2255 motion. What § 2244(b)(1) limits is a petitioner's ability to obtain relief by bringing the same claim that was presented in a prior application.

9

merits of his Johnson claim. The Petitioner argues that this Court, instead, noted only that the ACCA and career-offender enhancements did not impact the guidelines range and declined, on that basis, to review the merits of the Johnson claim. The Petitioner further argues, now through counsel, that his prior, *pro se* motion raising the Johnson claim failed to argue that correcting the ACCA sentence on Count Three — while leaving in place the career-offender sentence on Count One — would have reduced his total sentence from 252 months to 240 months (equal to the statutory maximum on Count One). The Petitioner also argues that his prior, *pro se* motion did not cite to Fourth Circuit precedent holding that the "most appropriate remedy" in this scenario is a *de novo* resentencing that would permit the Court to consider all relevant factors in determining how to restructure the sentence in light of the ACCA error.

This Court rejects Petitioner's arguments. First, as to Petitioner's contention that the Fourth Circuit has not yet addressed whether § 2241(b)(1) applies in a § 2255 proceeding, the Fourth Circuit recently recognized that § 2255 incorporates by reference the § 2244 factors. See In re Hubbard, 825 F.3d 225, 229 n.1 (4th Cir. 2016) ("While Hubbard's motion relies on § 2255, that provision incorporates by reference the factors listed in § 2244."). The Fourth Circuit did not limit this incorporation solely to §

2244(b)(2)(A). Furthermore, other circuits have held that because the language of § 2255(h) does not specify the provisions of § 2244 it intends to incorporate, "it is logical to assume that Congress intended to refer to all of the subsections of § 2244 dealing with the authorization of second and successive motions." Herrera v. Gomez, 755 F.3d 142, 148 (2d Cir. 2014); see also In re Baptiste, 828 F.3d at 1339 (extending § 2244(b)(1) to cover § 2255 motions); Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002) (same); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) ("Charles is not entitled to file a successive § 2255 motion to vacate because he seeks permission to file the same claims that have already been denied on the merits. See § 2244(b)(1).").

Here, dismissing as successive Petitioner's Johnson claim — which he has already raised in a prior § 2255 motion, and which this Court has already rejected — comports with Fourth Circuit precedent regarding successive applications. Requiring courts to consider the same claim repeatedly, in separate and subsequent § 2255 motions, is contrary to the limits imposed on post-conviction relief by the AEDPA, as well as the Fourth Circuit's construction of motions as successive. See United States v. Winestock, 340 F.3d 200, 204 n.3, 206 (4th Cir. 2003) (distinguishing between successive claims and successive applications, and recognizing that, in light of the

11

tighter limits on post-conviction relief that the AEDPA imposed, "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of <u>claims</u> presented in a prior application . . . .'") (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)). The Petitioner would have this Court essentially hold that, where the district court has already denied certain claims raised by a *pro se* petitioner in a § 2255 motion, counsel may later file, on the petitioner's behalf, a successive § 2255 motion, providing a more sophisticated argument in support of those very same claims. Such a conclusion simply would not align with the AEDPA's purpose, and Congress's intent, of limiting successive petitions. In short, the Petitioner's <u>Johnson</u> claim was previously raised and disposed of. The Court of Appeals denied a certificate of appealability. Even if that prior decision were wrong, as the Petitioner contends, it is final. There is no ground present on which it can be presented anew.

Next, the Petitioner's contention that this Court did not address the merits of Petitioner's <u>Johnson</u> claim is without merit. Indeed, the Court specifically noted in its order:

> Upon transfer to this District, Petitioner filed a motion to amend his motion in order to supplement the record and raise a fourth claim. [CV Doc. 26]. In particular, Petitioner attached a copy of a verdict

12

sheet, dated February 17, 1993, from the Mecklenburg County, North Carolina, Superior Court, criminal case file number 92-CRS-68780. [Id.]. This verdict sheet purports to show that Petitioner's North Carolina drug conviction in case number 92-CRS-68780, referenced in paragraph 42 of Petitioner's PSR [CR Doc. 18 at 11], was for the state crime of mere Possession of Cocaine and not the state crime of Possession with the Intent to Sell and Deliver Cocaine. [CV Doc. 26 at 5]. On July 28, 2015, Petitioner filed a second motion to amend his 2255 Motion. [CV Doc. 27]. This second request to amend filed by Petitioner raises the argument under, Johnson v. United States, 135 S. Ct. 2551 (2015), that Petitioner's Armed Career Criminal designation is unwarranted because "the predicates used to enhance [Petitioner] were not valid due to the improper use of imposing an increased sentence under ACCA's residual clause which has been deemed to be a constitutional violation of due process." [Id. at 3].

[Civ. 3:15cv179, Doc. 28 at 5-6]. This Court went on to deny Petitioner's prior motion to vacate as untimely and without merit, specifically stating that his status as an armed career criminal "played no role" in "the fashioning of the ultimate sentence." [Id. at 2, 10]. Thus, the Petitioner's contention that the Court did not adjudicate the Petitioner's Johnson claim on its merits is simply inconsistent with the record.[3]

---

[3] In any event, nothing in § 2244(b)(1) restricts dismissal of a repetitive claim to situations where the claim was previously decided on the merits. Accordingly, even if Petitioner's prior Johnson claim had been dismissed only on procedural grounds, his present Johnson claim still must be dismissed under Section 2244(b)(1) because it is a claim "that was presented in a prior application."

13

In sum, the Petitioner has previously presented this claim in his prior § 2255 motion, and this Court has already denied his claim. Accordingly, the Petitioner's Johnson claim must be dismissed.[4]

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Motion to Vacate is dismissed as a successive petition.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

---

[4] The Government argues, alternatively, that Beckles v. United States, 137 S. Ct. 886 (2017), forecloses Petitioner's career offender claim and further that, even if Petitioner could raise a Johnson claim again, his argument lacks merit because he has not met his burden to show that when this Court sentenced him it violated his due process rights by relying on ACCA's residual clause to increase his sentence. Although the Court agrees with the Government's alternative argument on the merits, because this Court does not have jurisdiction over Petitioner's successive Johnson claim, the Court lacks authority to adjudicate the claim alternatively on the merits.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss Petitioner's Successive Motion to Vacate [Doc. 10] is **GRANTED**, and the Petitioner's Motion to Vacate [Doc. 1], as supplemented [Doc. 9], is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 31, 2018

Martin Reidinger
United States District Judge