# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CRIMINAL CASE NO. 3:08-cr-00254-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BOBBY ARION DINKINS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Application for Modification of Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) as a Result of COVID-19" [Doc. 55]. The Government opposes the Defendant's motion. [Doc. 60].

## I.      BACKGROUND

In May 2009, the Defendant Bobby Arion Dinkins pled guilty to one count of Hobbs Act robbery and one count of possession of a firearm after having been convicted of a felony. In April 2010, the Court sentenced him to a total of 252 months of imprisonment. [Doc. 24]. The Defendant is currently housed at FCI Edgefield, and his projected release date is February

7, 2026.[1] The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 55]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

---

[1] See https://www.bop.gov/inmateloc/ (last visited Oct. 2, 2020).

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2]  See U.S.S.G. § 1B1.13.  As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);"

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.  See United States v. Taylor, -- F. App'x --, 2020 WL 5412762 (4th Cir. Sept. 9, 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

3

and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. §
1B1.13.

The application note to § 1B1.13 specifies the types of circumstances
that qualify as "extraordinary and compelling reasons." First, the defendant's
medical condition can qualify as a basis for relief if the defendant is "suffering
from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic
lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia,"
U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can
also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical
> condition,
>
> (II) suffering from a serious functional or cognitive
> impairment, or
>
> (III) experiencing deteriorating physical or mental
> health because of the aging process, that
> substantially diminishes the ability of the defendant
> to provide self-care within the environment of a
> correctional facility and from which he or she is not
> expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and
compelling reason for a reduction in sentence. This standard is met if the
defendant: "(i) is at least 65 years old; (ii) is experiencing a serious

4

deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Government concedes that the Defendant's age and underlying health conditions (namely, hypertension and kidney disease) place the Defendant at a higher risk for severe illness and/or complications resulting from COVID-19 and that such conditions could diminish the Defendant's ability to provide self-care within the environment of a correctional facility because of COVID-19. [Doc. 60 at 7]. Nevertheless, the Government argues that the Court should deny the Defendant's motion for

5

compassionate release because the Defendant would continue to pose a danger to public safety if released.

Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant is a career offender with an extensive criminal history, including convictions for accessory before the fact of armed robbery, possession with the intent to deliver cocaine, resisting a public officer, breaking and entering, larceny, and common law robbery. During the offense for which he is presently serving a term of incarceration, the Defendant held two women hostage at gunpoint. He then implicated an innocent person in the robbery to the point where an arrest warrant was issued. [Doc. 18: PSR at ¶¶ 9-13].

Balanced against this serious record, the Court notes that the Defendant has served approximately 69% of his 21-year sentence with no evidence of disciplinary issues. Further, the Defendant currently suffers from

hypertension and Stage 3 kidney disease—chronic medical conditions that the Government concedes make him a higher risk for serious injury or death should he contract the virus. On the other hand, the correctional facility in which the Defendant is currently incarcerated, FCI Edgefield, has taken significant measures to protect the health of its inmates and staff.[3] Currently, the facility only has two active COVID infections among its inmate population and 17 infections among its staff, while one inmate has died and 90 inmates and 9 staff members have recovered from the virus.[4]

In the final analysis, the Defendant has the burden to show that he is an appropriate candidate for compassionate release. For the reasons stated above, the Court concludes that the Defendant has failed to satisfy the second prong of USSG § 1B1.13(2) regarding the safety of the community. Further, the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes all militate against a reduced sentence in this case.

---

[3] See http://www.bop.gov/coronavirus/index.jsp (last visited Oct. 2, 2020).

[4] See http://www.bop.gov/coronavirus (last visited Oct. 2, 2020).

7

For all these reasons, the Court finds that the Defendant continues to pose a danger to the community and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Application for Modification of Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) as a Result of COVID-19" [Doc. 55] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 5, 2020

Martin Reidinger
Chief United States District Judge