THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:08-cr-00254-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| BOBBY ARION DINKINS, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Re-Consideration Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 69].

**I. BACKGROUND**

In September 2020, the Defendant Bobby Arion Dinkins sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 55]. Specifically, the Defendant argued that his underlying health conditions placed him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness was an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. The Government opposed the Defendant's motion. [Doc. 60 at 7]. While conceding that the Defendant's

age and underlying health conditions placed him at a higher risk of severe illness from COVID-19, the Government argued that analysis of the § 3553(a) factors militated against a reduced sentence. [Id.]. In October 2020, this Court denied the Defendant's motion, concluding that the Defendant continued to pose a danger to the community and that analysis of the relevant § 3553(a) factors continued to weigh in favor of his continued incarceration. [Doc. 61]. In July 2021, the Court of Appeals affirmed this Court's Order denying the Defendant compassionate release. [Doc. 67].

The Defendant now returns to this Court, seeking reconsideration of the Court's prior Order denying him compassionate release. [Doc. 69]. For grounds, the Defendant argues that his record of significant post-sentencing rehabilitation—including his "perfect conduct record" and his completion of numerous educational and drug rehabilitation courses—along with his age, length of incarceration, and solid release plan all support a reduction in his sentence. [Id.].

## II.   DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling

reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Although not binding on this Court, see United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020), the commentary to Sentencing Guidelines § 1B1.13 provides specific examples of grounds for release under § 3582(c)(1)(A). In McCoy, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in § 1B1.13 and that the Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 286 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). The Court must make an individualized determination that the defendant has identified

3

an extraordinary and compelling reason for compassionate release, considering, for example, the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. See id. at 284. The defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant argues that his record of significant post-sentencing rehabilitation—including his "perfect conduct record" and his completion of numerous educational courses—along with his age, length of incarceration, and solid release plan all support a reduction in his sentence. [Doc. 69]. He is currently 67 years old and has been incarcerated on the present offenses for approximately 15 years. Although he does not offer any documentation to demonstrate his rehabilitative efforts, the types of rehabilitation described by the Defendant in his motion are significant and compelling.[1] Given all these circumstances, the Court would be inclined to

---

[1] While the Defendant did not offer any documentation regarding his educational courses, he does attach several letters of support, including letters from former correctional officers and family members. [Doc. 69-1].

conclude that the Defendant has demonstrated extraordinary and compelling reasons for his release. Even so, however, the Court must also find that a reduced sentence is supported by analysis of the relevant § 3553(a) factors.

The Defendant was a 52-year-old convicted felon at the time he committed the offenses underlying his current convictions. His offense conduct was extremely violent and endangered the lives of several people. The Defendant committed an armed robbery, during which he held two women hostage at gunpoint. [Doc. 18: PSR at ¶¶ 4-6]. When subsequently confronted by law enforcement, the Defendant engaged in a physical confrontation with an officer and threatened to shoot him. [Id. at ¶ 7]. The Defendant ignored officers' verbal commands to stop and instead reached inside his coat, leading one of the officers on the scene to draw his weapon and shoot the Defendant twice, wounding him. [Id.]. He subsequently implicated an innocent person in the robbery to the point where an arrest warrant was issued. [Id. at ¶¶ 9-13]. In addition to the violent nature of the Defendant's offense of conviction, the Defendant is a career offender with an extensive criminal history, including convictions for accessory before the fact of armed robbery, possession with the intent to deliver cocaine, resisting a

5

Case 3:08-cr-00254-MR   Document 71   Filed 01/03/23   Page 5 of 6

public officer, breaking and entering, larceny, and common law robbery.  [Id. at ¶¶ 38-67].

Balanced against this serious record, the Court finds that analysis of the § 3553(a) factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes, all militate against a reduction in his sentence.  Accordingly, despite the Defendant's rehabilitative efforts and other reasons proffered by the Defendant, the Court concludes that he has failed to demonstrate that he is an appropriate candidate for compassionate release.  Accordingly, the Defendant's motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Re-Consideration Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 69] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge